## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| OSWALDO NIEVES and JESUS | ) | |
| ALCANTAR, on behalf of themselves | ) | |
| and all other persons similarly situated, | ) | |
| known and unknown, | ) | |
| | ) | Case No.12 C 3267 |
| Plaintiffs, | ) | |
| | ) | Judge Kendall |
| v. | ) | |
| | ) | |
| OPA, INC. d/b/a OPA ESTIATORIO, and | ) | |
| CHRIS GEORGES, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiffs move this Court for a protective order:

- Barring Defendants from discovery relating to Plaintiffs' immigration status;

- Barring Defendants from discovery relating to Plaintiffs' tax reporting;

- Barring Defendants from obtaining oral deposition testimony from Plaintiffs and instead Ordering depositions on written questions;

- Barring Defendants and Defendants' counsel from having any contacts or communications with Plaintiffs; and

- In the event oral depositions are permitted, ordering Defendants to produce all documents pursuant to their obligations under Fed. R. Civ. P. 26(a)(1) and ordering such depositions to take place at the Dirksen Federal Building.

Plaintiffs also request an award of attorneys' fees and costs for filing this motion. In support of

this Motion, Plaintiffs state as follows:

## I.    INTRODUCTION

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*,

and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, for Defendants' alleged failure to

pay Plaintiffs and other similarly-situated employees overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks. Plaintiffs filed their Complaint and consents to act as representative Plaintiffs on May 1, 2012.

After Plaintiffs obtained an order of default against Defendants, current counsel for Defendants filed an appearance and, nearly six (6) weeks later, filed a motion to vacate the order of default. ECF, No 25. The district court vacated the order of default (ECF, No. 27) and this case was referred to the Magistrate Judge for discovery supervision. ECF, No. 28. During the Parties' initial status hearing before the Magistrate Judge on November 6, 2012, Defendants' counsel made a series of outlandish statements regarding the genesis of this lawsuit and insisted upon his right to obtain deposition testimony "immediately" from both Plaintiffs. With regard to Plaintiff Alcantar, Defendants' counsel stated that his purpose for obtaining deposition testimony was so that the Vernon Hills Police Department would locate him and arrest him. See Exhibit A, In-Court Transcript Dated November 6, 2012. On November 5, 2012, Defendants noticed the deposition of Plaintiff Oswaldo Nieves for November 12, 2012. ECF #30.

Plaintiffs did not produce Mr. Nieves for deposition on November 12, 2012. Rather, after Defendants' statements to the Court on November 6, Plaintiffs sent Defendants' counsel a letter, pursuant to Local Rule 37.2, in an effort to clarify the scope and subjects of the deposition. Exhibit B. In particular, Plaintiffs' counsel asked that if Defendants' counsel insisted on depositions prior to written discovery being completed that he produce, within seven (7) days of any depositions, any documents that Defendants intended to use as exhibits during the depositions. *Id*. Plaintiffs also asked Defendants' counsel to confirm that he would not attempt to examine Plaintiffs on the subject of taxes, social security numbers, or immigration status. *Id*. Finally, Plaintiffs' counsel made clear that in light of Defendants' counsel's statements to the

2

Court that Plaintiff Alcantar is wanted by the Vernon Hills Police Department, that Defendants' counsel was in contact with the Vernon Hills Police Department, and that he intended to notice Mr. Alcantar's deposition at Defendants' business location so that he could be arrested, Plaintiffs' deposition should occur in an attorney and witness room at the Dirksen Federal Building. *Id.*

Defendants' counsel ignored Plaintiffs' counsel's November 14, 2012 letter. Defendants' counsel did, however, telephone Plaintiffs' counsel insisting on new and prompt alternative dates for Plaintiffs' depositions. Plaintiffs' counsel again sent Defendants' counsel a letter explaining that prior to any deposition taking place the parties must first resolve the issues outlined in Plaintiffs' November 14, 2012 letter. Exhibit C, attached hereto.

On December 5, 2012, Defendants' counsel responded to Plaintiffs' November 14, 2012 letter, suggesting that he had been in contact with, or had directed his client to have contact with, Plaintiff Nieves. See Exhibit D. In that letter, Defendants refused to produce, pursuant to Rule 26(a)(1), any documents in advance of Plaintiffs' depositions, emphasized that "he intended to cooperate with the Vernon Hills Police Department" and that the deposition of Mr. Nieves is "going forward as scheduled on December 10, 2012" because "we have confirmed that Mr. Nieves is available on December 10, 2012 and is willing to appear in our offices on that date." Exhibit D. Defendant then unilaterally noticed the deposition of Mr. Nieves for December 10, 2012.[1]

Plaintiffs' counsel has complied with Local Rule 37.2 and the parties are at impasse on the issues raised in Plaintiffs' November 14, 2012 letter.

---

[1] Twice Defendants' counsel filed Notices of Deposition with the Court. This violates Local Rule 26.3.

## II.     APPLICABLE LEGAL STANDARD

Under Rule 26(c), upon a showing of good cause by the moving party, a court may intervene and impose a protective order to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed R. Civ. P. 26(c). Once such a burden is met by a moving party, a court may then submit a protective order to provide for the limitation or elimination of that discovery request. *Hodgdon v. Northwestern Univ.*, 245 F.R.D. 337, 341 (N.D. Ill. 2007). The burden is upon the moving party to make a "particular and specific demonstration of fact" in order to demonstrate good cause. *Id.*

## III.    ARGUMENT

### A.     Discovery Related to Immigration Status is Improper and Should Not Be Allowed

Immigration status is not relevant in an action for unpaid wages under the Fair Labor Standards Act. *Villareal v. El Chile,* 266 F.R.D. 207, 214 (N.D. Ill. 2010) ("discovery regarding plaintiffs' immigration status is not relevant to any claim or defense."); *Flores v. Albertsons, Inc*., No. CV0100515AHM(SHX), 2002 U.S. Dist. LEXIS 6171, 2002 WL 1163623, at *5 (C.D. Cal. Apr. 9, 2002) ("Federal courts are clear that the protections of the FLSA are available to citizens and undocumented workers alike."); *Patel v. Quality Inn South*, 846 F.2d 700, 705-706 (11th Cir. 1988), cert. denied, 489 U.S. 1011 (1989); *In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987) (granting mandamus to overturn a district court motion to compel), *cert. denied*, 487 U.S. 1235, 108 S.Ct. 2901, 101 L.Ed.2d 934 (1988); *Ponce v. Tim's Time Inc.*, No. 03 C 6123, Order Dated March 16, 2006, (N.D. Ill. 2006) (attached hereto as Exhibit E); *Cortez v. Medina's Landscaping,* No. 00 C 6320, 2002 U.S. Dist. LEXIS 18831 (N.D. Ill. Sept. 30, 2002).

Courts uniformly grant protection to plaintiffs in FLSA cases from inquiries that touch on immigration status because they recognize the chilling effect that such discovery can exercise on

the very workers who are most likely to need the protection of the Fair Labor Standards Act.

*Flores v. Amigon*, 233 F. Supp. 2d at 464; *Liu*, 207 F. Supp. 2d at 193. As Judge Garcia noted in

refusing to compel discovery in *Bernal v. A.D. Willis Company, Inc.*, No. SA-03-CA-196-OG

(W.D. Tex., San Antonio Div., April 1, 2004 order denying motion to compel) (attached as

Exhibit F),

> In addition, discovery into the plaintiffs' immigration status poses a serious risk
> of injury to Plaintiffs outweighing any need for disclosure. As the court in *Liu*
> noted: "Even if the parties were to enter into a confidentiality agreement
> restricting the disclosure of such discovery…, there would still remain 'the danger
> of intimidation, the danger of destroying the cause of action' and would inhibit
> the plaintiffs in pursuing their rights." *Liu*, 207 F. Supp. 2d at 193 (quoting
> *Ansoumana v. Gristedes Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001)
> (granting plaintiffs' motion disallowing deposition questions as to plaintiffs'
> immigration status) [unpub. Order; hearing tr. attached at 10-13]. *Accord Flores
> v. Amigon* 233 F. Supp. 2d at 463-464.

Other courts have invoked the very same concerns in protecting Plaintiffs from similar discovery

in cases involving Title VII claims. *E.g. Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1064 (9th Cir.

2004); *EEOC v. The Restaurant Co.,* 448 F. Supp. 2d 1085, at 1086-88 (D. Minn. 2006); *EEOC

v. City of Joliet*, 239 F.R.D. 490 (N.D. Ill. 2006); *Benitez v. American Std. Circuits,* Case No. 08

C 1998, Order Dated March 3, 2009 (N.D. Ill. 2009) (attached as Exhibit G).

Courts recognize the *in terrorem* effect of inquiring into a party's immigration status

when irrelevant to any material claim." *Topo v. Dhir*, No. 01 Civ 10881, 2002 U.S. Dist. LEXIS

17190, at *6 (S.D.N.Y. 2002); *See also Liu*, 207 F. Supp. at 193 (revelation of immigration status

carries "danger of intimidation [that] would inhibit plaintiffs in pursuing their rights").

Because Defendants have intimated – really stated – that they intend to inquire into

immigration status, and because such questioning is irrelevant and harassing, Defendants should

be barred from seeking discovery on matters relating to Plaintiffs' immigration status. *Galaviz-

Zamora,* 230 F.R.D. at 503; *Montoya,* 530 F. Supp. 2d 746.

5

**B.**     **Discovery Related to Tax Reporting is Improper and Should Not Be Allowed**

Just as discovery relating to immigration status is irrelevant to Plaintiffs' claims, so is discovery relating to Plaintiffs' tax reporting.

Plaintiffs are alleging that Defendants failed to pay them overtime wages under the FLSA and the IMWL.  Whether Plaintiffs (or Defendants, for that matter) met their tax reporting obligations is separate and apart from any claim or defense in this case.  Instead, the only reason Defendants would have for seeking deposition testimony on such subjects would be to probe improperly into Plaintiffs' immigration status or to otherwise abuse and harrass Plaintiffs with questioning that is completely irrelevant to Plaintiffs' claims or Defendants' defenses.  *Acevedo v. Ace Coffee Bar,* Case No. 07 C 4091, Order Dated April 10, 2008 (N.D. Ill. 2008) (attached as Exhibit H); *Galaviz-Zamora v. Brady Farms, Inc*., 230 F.R.D. 499 (W.D. Mich. 2005)(barring discovery on immigration status, tax information, identification documents, residency information, including the dates and time Plaintiffs entered the United States); *Montoya v. S.C.C.P. Painting Contractors, Inc*., 530 F. Supp. 2d 746 (D. Md. January 14, 2008)(barring discovery on immigration status and tax information); *Benitez,* Case No. 08 C 1998, Order Dated March 3, 2009 (N.D. Ill. 2009) (attached as Exhibit G).

Defendants should be barred from seeking such discovery.

**C.**     **The Court Should Order Defendants and Their Counsel To Cease All Contacts with Plaintiffs**

In his letter dated December 4, 2012, Defendants' counsel states that "we have confirmed that Mr. Nieves is available on December 10 and is willing to appear in our offices on that date." Exhibit D.  Defendants' counsel goes on to suggest that he intends to take Plaintiff Nieves' deposition whether Plaintiffs' counsel is present or not, stating "of course you are invited to attend as well."  Exhibit D.

Plaintiff is represented by counsel. Any direct or indirect communication that Defendants' counsel is having with Plaintiffs is improper. Rule 4.2 of the Illinois Rules of Professional Conduct states that:

> During the course of representing a client a lawyer shall not communicate or *cause another to communicate* on the subject of the representation with a party the lawyer knows to be represented by another lawyer in that matter unless the first lawyer has obtained the prior consent of the lawyer representing such other party or as may otherwise be authorized by law. (emphasis added).

Specifically prohibited within the text of this rule are *ex parte* communications through third parties. *Id.* This includes allowing or directing one's client to communicate with a represented party on the subject of litigation. *See Holdren v. General Motors Corp.*, 13 F. Supp. 2d 1192, 1194 (D. Kans. 1998) (holding that "[counsel] may not circumvent Rule 4.2" by directing his client to have improper contacts with represented parties). Mere *knowledge* that one's client is engaging in *ex parte* communications on the subject of the litigation has been found sufficient to constitute a breach of the ethical rules. *Massa v. Eaton Corp.*, 109 F.R.D. 312, 313 (W.D. Mich. 1985) (counsel, through simply "allowing" his client to conduct informal interviews of represented parties, was in breach of the ethical rules); *See also In re: Peters*, Illinois ARDC Review Board Report, Commission No. 04 CH 127, p.8 (Sept. 22, 2006) (counsel cannot use his client as an intermediary for the delivery of documents to opposing party).

In addition to the communications with Plaintiff Nieves, at the parties' November 1, 2012 court appearance before Judge Manning, Defendants' counsel stated that he was attempting to reach Plaintiff Alcantar regarding this case.

Plaintiffs request that Defendants and their counsel be Ordered to immediately cease all contacts with Plaintiffs regarding his litigation.

7

     **D.**     **Defendants' Should Be Allowed to Depose Plaintiffs By Written Questions Only. Or, In the Alternative, Defendants Should Be Required to Depose Plaintiffs in the Dirksen Federal Building.**

During the parties' status hearing on November 6, 2012, Defendants' counsel represented to the Court that he had been in contact with the Vernon Hills, Illinois Police Department and that, at their request, he intended to notice the deposition of Plaintiff Jesus Alcantar, and that he intended to "cooperate with the Vernon Hills Police Department," presumably so that Mr. Alcantar could be arrested. Defendant's December 4, 2012 letter again emphasizes that "we further intend to cooperate with the Vernon Hills Police Dept. and are somewhat surprised that you have taken such an obstruction of justice position. We are further surprised that you expect the Court to assist you in that regard." See Exhibit D.

Defendants' counsel's November 6, 2012 open court statements and December 4, 2012 letter violate the Illinois Rules of Professional Conduct and have created a reasonable concern for Plaintiffs' and their counsel's safety. Rule 8.4(g) of the Illinois Rules of Professional Conduct state that "it is professional misconduct for a lawyer to . . . present, participate in presenting, or threaten to present criminal or professional disciplinary charges to obtain an advantage in a civil matter."

Defendants should be not be permitted to use the discovery process for harassment and intimidation. Defendants' counsel's erratic and outlandish in-court behavior and statements has crossed that line and have caused Plaintiffs (and their counsel) to be reasonably concerned for their safety. Thus, Plaintiffs thus ask that the Court enter a protective order barring Defendants from deposing Plaintiffs and instead ordering that Defendants only be allowed to depose Plaintiffs by written questions. In the alternative, Plaintiffs request that the depositions be Ordered to take place within the safety of the Dirksen Federal Building.

### E.     Defendants Must Comply with Rule 26(a)(1) prior to taking Plaintiffs' Depositions

If Defendants are allowed to take the oral depositions of Plaintiffs, then Plaintiffs request this Court enter an Order that Defendants comply with Rule 26(a)(1) and produce any documents that they intend to use to support their defenses at least seven (7) days in advance of such a deposition.  In the alternative, Plaintiffs proposed that Defendants wait until after written discovery was completed before deposing Mr. Nieves and Mr. Alcantar.  Defendants refused to produce any relevant documents that they may use to support their defense of the lawsuit.[2]

Pursuant to Fed. R. Civ. P. R 26(a)(1), a party "must, without awaiting a discovery request, provide to the other parties . . .  a copy . . .  of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ."  Notwithstanding this obligation, Defendants have not produced 26(a)(1) disclosures to Plaintiffs, and object to producing any documents it may use at deposition under the guise that such documents are "work product." Exhibit C.

Plaintiffs are entitled to review and evaluate any documents that Defendants may use at the Plaintiffs' depositions.   If Defendants have documents or exhibits that they intend to use during the Plaintiffs' depositions, those documents are discoverable and relevant to Plaintiffs' claims and Defendants' defenses, and must be produced pursuant to Fed. R. Civ. P 26(a)(1).  If Defendants do not want to honor their obligations under the Federal Rules, Plaintiffs will await Defendants' responses to Plaintiffs' written discovery, and will produce Plaintiffs for deposition

---

[2] In an email dated January 7, 2013, Defendants stated that they refused to participate in discovery at all, and refused to answer Plaintiffs' First Set of Interrogatories and Plaintiffs' First Request for the Production of Documents.  See Exhibit I.  Those issues will be addressed by Plaintiffs through a separate motion.  However, this is further evidence that Defendants are impeding and abusing the discovery process.

after any and all documents have been produced.  Thus, Plaintiffs seek a protective order from the Court requiring Defendants to either produce relevant documents in advance of deposition, or wait to take their depositions until after written discovery has been completed -- if Defendants are permitted to take oral discovery from Plaintiffs at all.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs ask that this Court grant this Motion and enter a protective order:

a)    Barring Defendants from discovery relating to Plaintiffs' immigration status;

b)    Barring Defendants from discovery relating to Plaintiffs' tax reporting;

c)    Barring Defendants from obtaining deposition testimony from Plaintiff Jesus Alcantar, and admonishing Defendants' counsel of his obligations under the Illinois Rules of Professional Responsibility;

d)    Ordering Defendants to cease all contacts with Plaintiffs, and admonishing Defendants' counsel of his obligations under the Illinois Rules of Professional Responsibility;

e)    Ordering Defendants to produce all documents pursuant to their obligations under Fed. R. Civ. P. 26(a)(1);

f)    Ordering Defendants to pay Plaintiffs' reasonable attorneys' fees and costs incurred in filing this motion; and

g)    Such other relief that this Court may deem necessary and just.

Respectfully submitted,

Dated: January 8, 2013

s/ David E. Stevens
Douglas M. Werman
Maureen A. Salas
David E. Stevens
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs

10