## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| OSWALDO NIEVES and JESUS ALCANTAR, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.12 C 3267 |
| v. | ) ) | Judge Kendall |
| OPA, INC. d/b/a OPA ESTIATORIO, and CHRIS GEORGES, individually, | ) ) ) ) | |
| Defendants. | ) | |

## INDEX OF EXHIBITS
## TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
## AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

In-Court Transcript Dated November 6, 2012...............................................................................A

Letter dated November 14, 2012 from Plaintiffs' counsel to Defendants' counsel ......................B

Letter dated December 4, 2012 from Plaintiffs' counsel to Defendants' counsel..........................C

Letter dated December 4, 2012 from Plaintiffs' counsel to Defendants' counsel..........................D

*Ponce v. Tim's Time Inc.*, No. 03 C 6123, Order Dated March 16, 2006, (N.D. Ill. 2006)............E

*Bernal v. A.D. Willis Company, Inc.*, No. SA-03-CA-196-OG (W.D. Tex., San Antonio Div., April 1, 2004 order denying motion to compel) ...........................................................................F

*Benitez v. American Std. Circuits,* Case No. 08 C 1998, Order Dated March 3, 2009 (N.D. Ill. 2009).............................................................................................................................................G

*Acevedo v. Ace Coffee Bar,* Case No. 07 C 4091, Order Dated April 10, 2008 (N.D. Ill. 2008)...H

Email dated January 7, 2013 from Defendants' counsel to Plaintiffs' counsel...............................I

# EXHIBIT A

1  TRANSCRIBED FROM DIGITAL RECORDING

2              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
3                      EASTERN DIVISION

4  OSWALDO NIEVES and JESUS ALCANTAR on )
   behalf of themselves and all other  )
5  persons similarly situated, known and)
   unknown,                            )
6                                       )
                Plaintiffs,             )
7                                       )
                vs.                     )  No. 12 C 3267
8                                       )
   CHRIS GEORGES, individually; and OPA,)
9  INC., doing business as Opa         )
   Estiatorio,                          )  Chicago, Illinois
10                                      )  November 6, 2012
                Defendants.            )  9:10 A.M.
11
            TRANSCRIPT OF PROCEEDINGS - Status and Motion
12    BEFORE THE HONORABLE SHEILA M. FINNEGAN, Magistrate Judge

13  APPEARANCES:

14  For the Plaintiffs:      WERMAN LAW OFFICE PC
                             77 West Washington Street
15                           Suite 1402
                             Chicago, Illinois  60602
16                           BY:  MR. DAVID ERIK STEVENS

17  For the Defendants:      MR. DOUGLAS W. LOHMAR, JR.
                             111 West Washington Street
18                           Suite 823
                             Chicago, Illinois  60602
19

20                 PAMELA S. WARREN, CSR, RPR
                     Official Court Reporter
21                  219 South Dearborn Street
                          Room 1928
22                  Chicago, Illinois   60604
                        (312) 294-8907
23

24  **NOTE:   Please notify of correct speaker identification.**
    **FAILURE TO SPEAK DIRECTLY INTO THE MICROPHONE MAKES PORTIONS**
25  **UNINTELLIGIBLE.**

1      (Proceedings held in open court:)

2          THE CLERK:  12 C 3267, Nieves versus Opa, Inc., status

3   hearing.

4          MR. STEVENS:  Good morning, your Honor.

5          THE COURT:  Good morning.

6          MR. STEVENS:  David Stevens on behalf of plaintiffs.

7          THE COURT:  All right.

8          MR. LOHMAR:  And good morning, your Honor.  Doug

9   Lohmar on behalf of the defendant.  L-o-h-m-a-r.

10         THE COURT:  All right.  Good morning, Mr. Lohmar.

11         I know the district judge asked me to set a status

12  quickly and wants to keep whatever discovery you're going to

13  take moving.  And I have noticed that a deposition notice was

14  already served on someone.  One of the plaintiffs, right?

15         MR. LOHMAR:  Yes, Mr. Nieves.

16         THE COURT:  Okay.

17         MR. LOHMAR:  For Monday.

18         THE COURT:  But you don't have any kind of schedule.

19  What is the plan right now?

20         MR. STEVENS:  This is a 216(b) collective action under

21  the Fair Labor Standards Act, Judge.  We intend to take some

22  initial discovery prior to filing a motion for conditional

23  certification.

24         We'd ask for maybe 90 or 105 days so that we can get

25  written discovery out, potentially take a deposition, and then

1  we would move for conditional certification.  There is a

2  possibility that if a certification went out later, that we

3  might ask for additional fact discovery based on the number of

4  people that potentially might opt into the case.

5  　　　　THE COURT:  Uh-huh.

6  　　　　MR. STEVENS:  But right now we just want to move the

7  initial discovery forward.  This case was filed on May 1st.  It

8  is already starting to get long in the tooth.  And as you may

9  know in FLSA collective actions, people opt into cases.  The

10  statute of limitations is not tolled.

11  　　　　THE COURT:  Right.

12  　　　　MR. STEVENS:  So, therefore, until they join the case,

13  the clock is running.

14  　　　　THE COURT:  All right.  What's --

15  　　　　MR. LOHMAR:  Your Honor --

16  　　　　THE COURT:  -- defendants's position?

17  　　　　MR. LOHMAR:  -- my name is Doug Lohmar.  I filed a

18  motion to vacate various default orders on Thursday, which

19  (unintelligible) Mr. Werman, who represented plaintiffs at that

20  hearing, (unintelligible) that the (unintelligible) craft

21  (unintelligible) answer that I attached was not in compliance

22  with certain local rules.

23  　　　　THE COURT:  Right.

24  　　　　MR. LOHMAR:  I said, fine, send me the local rules,

25  and he -- there is an order out there saying he is supposed to

1    (unintelligible) what these rules are so when I actually file

2    the answer, I'm in compliance.  He hasn't done that yet.

3            THE COURT:  Well, your date to file the answer was set

4    in the order, right?

5            MR. LOHMAR:  Yes.

6            THE COURT:  And you're answering by November 15th.

7            MR. LOHMAR:  Right.

8            THE COURT:  But what's your position on just moving

9    ahead with the discovery?

10           MR. LOHMAR:  Well, your Honor, Mr. Nieves is a current

11   employee of ours.  He has told my -- my client, Mr. Georges,

12   that he never authorized this lawsuit.

13          THE COURT:  Right.

14          MR. LOHMAR:  He never hired Mr. -- these people.  That

15   he is -- there are two documents that they have attached, one

16   with an affidavit that they attached to their motion for

17   default, another is a consent form that is attached to the

18   complaint, neither one are signed by him.  He (unintelligible)

19   signs his (unintelligible), and we have documents in the

20   employment file showing (unintelligible).

21         So I scheduled his deposition for Monday to find out

22   who is correct.  And they tell me that he has hired them.  He's

23   telling my client he hasn't.  Of course I can't talk to him

24   because of attorney-client privilege.

25         THE COURT:  From plaintiffs's perspective what is the

1  impact of Mr. -- if Mr. Nieves gives a deposition and says, I

2  have no desire to sue, I never authorized suit, that's not my

3  signature?  What does that mean?

4       MR. STEVENS:  Well, first of all, Judge, I don't think

5  that he would ever testify to that.  I have been in contact

6  with Mr. Nieves.  I was present when he signed some of these

7  documents.  If -- even if he did, even if all of them turned

8  out to be true, there is still another plaintiff in this case,

9  Judge, Mr. Alcantar.  This case would move forward.

10      If Mr. Nieves decides that he no longer wants to

11  proceed as a plaintiff in this case, we would withdraw him as

12  we would anybody who told us that they no longer wanted to

13  pursue their case.  That would not stop this case from moving

14  forward, and it would not stop the clock running for any other

15  putative person who might join pursuant to 216(b).

16      THE COURT:  So let me ask defense counsel, why then

17  is -- you know, do you disagree with that?

18      MR. LOHMAR:  Well, no, I -- I don't know why they are

19  not doing it now (unintelligible).  I mean, if a guy is telling

20  -- my client doesn't want to pursue, I don't (unintelligible).

21      THE COURT:  Right.  But, I mean, he can -- let's just

22  put that client aside.

23      MR. LOHMAR:  Okay.  Sure.

24      THE COURT:  So there is another plaintiff.

25      MR. LOHMAR:  Right.

1    THE COURT:  So is there any reason we shouldn't go

2  forward, set a discovery schedule, and move ahead with

3  discovery?

4    MR. LOHMAR:  First of all, I see no reason not to set

5  a discovery schedule.  Mr. Alcantar is currently wanted by the

6  Vernon Hills police because he beat up one of our bartenders,

7  and that's the reason he was fired.  So I'm working with the

8  police to try and have him show up so they can arrest him.

9  What I plan on doing, assuming it is legal (unintelligible) the

10  ARDC to see if I can do this, that the police have asked me to

11  schedule his deposition at the restaurant so when he shows up,

12  they can arrest him.

13    THE COURT:  All right.

14    MR. STEVENS:  Well, I'll tell you right now, Judge,

15  given that information, which I think is exceedingly improper

16  under the rules, we will not be presenting Mr. Alcantar for

17  deposition at the restaurant so that Mr. -- so Mr. Lohmar can

18  somehow assist a criminal process through this civil lawsuit.

19  And I do not think that's a proper mechanism whatsoever.

20    However, I don't think that I have heard anything from

21  Mr. Lohmar that says we shouldn't move forward with discovery.

22    THE COURT:  Right.

23    MR. LOHMAR:  And I'm --

24    THE COURT:  All right.  Mr. --

25    MR. LOHMAR:  I want to move forward too.  I want to

1    take his deposition.  If he doesn't show up for the dep, I'm

2    going to move to have him dismissed.

3           THE COURT:  All right.  Well, we're going to set a

4    schedule.  How much time -- what's your suggestion for how much

5    time we should set here?

6           MR. LOHMAR:  One hundred twenty days (unintelligible)

7    no objection to that.

8           MR. STEVENS:  One hundred twenty unconditional

9    certification, which would be -- with the idea that we may need

10   additional fact discovery if there is a motion for conditional

11   certification that's granted.

12          THE COURT:  Okay.

13          All right.  What date would that be?

14          THE CLERK:  That's March 6th.

15          THE COURT:  All right.  So by March 6th you're to

16   complete discovery necessary to file your motion for

17   conditional certification.

18          I'll set a -- I'll just set a phone status midway for

19   you to check in with me.  Obviously if there is a motion,

20   you'll be before me sooner.  But I will -- let's pick a date

21   then in two months for a phone status.

22          THE CLERK:  January 8th at 10:00 A.M.

23          THE COURT:  Does that work?

24          MR. STEVENS:  Great.

25          MR. LOHMAR:  That will be fine, your Honor.

1      MR. STEVENS:  Thank you, your Honor.

2      THE COURT:  Oh, and your number, if the number on the

3  docket is not a direct dial number to you, make sure my

4  courtroom deputy has your number before that date because she

5  initiates the call from the courtroom.

6      MR. STEVENS:  Oh, great.  Thank you, your Honor.

7      MR. LOHMAR:  Okay.  Thank you your Honor.

8      THE COURT:  Thank you.

9      (Which concluded the proceedings.)

10                     CERTIFICATE

11      I certify that the foregoing is a correct transcript

12  from the digital recording of proceedings in the above-entitled

13  matter to the best of my ability, given the limitation of using

14  a digital-recording system.

15

16

17  /s/ Pamela S. Warren                December 15, 2012
    Official Court Reporter                   Date
18  United States District Court
    Northern District of Illinois
19  Eastern Division

20

21

22

23

24

25

# EXHIBIT B



**Werman**
LAW OFFICE P.C.

77 West Washington Street
Suite 1402
Chicago, Illinois 60602

Tel: (312) 419-1008
Fax: (312) 419-1025
www.flsalaw.com

November 14, 2012

***Via Electronic Mail - douglaslohmar@lohmarlaw.com***
Douglas W, Lohmar, Jr.
Lohmar Law Offices
111 West Washington Street
Suite 823
Chicago, IL 60602

Re:     *Nieves, et al v. Opa*

Dear Mr. Lohmar:

This letter is a follow-up to our telephone conversation yesterday regarding Mr. Nieves' deposition.

Mr. Nieves' scheduled day off is on Monday. Due to my firm's busy calendar through November, we are unable to produce him for deposition before the beginning of December. Therefore, I propose December 10, 2012 as the date for Mr. Nieves' deposition.

There are, however, several issues we need to discuss and agree upon before either Mr. Nieves or Mr. Alcantar are produced for the depositions.

First, as no written discovery has commenced in this matter, I ask that you produce, within seven (7) days of deposition, any documents that you intend to use as exhibits during examination. The alternative is to abate oral discovery until after the parties complete written discovery. Please confirm that you will agree to provide advance copies of your exhibits.

Second, with respect to both Plaintiffs, please confirm that you do not intend to examine them on the subject of taxes, social security numbers, or immigration status. Such issues are improper and irrelevant to Plaintiffs' claims under the FLSA. *See Patel v. Quality Inn South*, 846 F.2d 700, 705-706 (11th Cir. 1988), cert. denied, 489 U.S. 1011 (1989); *In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987)(granting mandamus to overturn a district court motion to compel), *cert. denied*, 487 U.S. 1235, 108 S.Ct. 2901, 101 L.Ed.2d 934 (1988); *Villareal v. El Chile,* 266 F.R.D. 207, 214 (N.D. Ill. 2010); *Cortez v. Medina's Landscaping,* No. 00 C 6320, 2002 U.S.

Douglas W. Lohmar, Jr.
November 14, 2012
Page 2

Dist. LEXIS 18831 (N.D. Ill. Sept. 30, 2002). As one court in this district recently held, "discovery regarding plaintiffs' immigration status is not relevant to any claim or defense." *Villareal,* 266 F.R.D. at 214. If you do intend to raise such subjects at deposition, please let me know now, so that I may seek a protective order from the Court to bar such examination.

Finally, during our last status hearing before Magistrate Judge Finnegan, you stated that Plaintiff Alcantar is "wanted by the Vernon Hills Police Department," that you were in contact with the Vernon Hills Police Department, and that you intended to notice Mr. Alcantar's deposition at Opa Estatorio so that he could be arrested. This is harassment, intimidation, and may constitute professional misconduct as a threat to present criminal charges to obtain an advantage in a civil matter, in violation of Rule 8.4(g). To ameliorate my concerns about your intentions regarding Mr. Alcantar's deposition, I propose that we find a mutually agreeable date for his deposition, and that we seek leave from Magistrate Finnegan for the deposition to proceed in her attorney and witness room at the Dirksen Federal Building. If we are unable to reach an agreement on this matter, I will seek a protective order from the Court.

Please respond in writing with your positions on the above-mentioned issues.

Regards,

David E. Stevens

DES/ms

# EXHIBIT C



**Werman**
LAW OFFICE P.C.

77 West Washington Street
Suite 1402
Chicago, Illinois 60602

Tel: (312) 419-1008
Fax: (312) 419-1025
www.flsalaw.com

December 4, 2012

*Via Electronic Mail - douglaslohmar@lohmarlaw.com*
Douglas W, Lohmar, Jr.
Lohmar Law Offices
111 West Washington Street
Suite 823
Chicago, IL 60602

      Re:    *Nieves, et al v. Opa*

Dear Mr. Lohmar:

      This letter is in response to the message you left for me on November 29, 2012, regarding the deposition of Mr. Nieves.

      You have not yet responded in writing to my letter dated November 14, 2012, in which I raised several issues that must be resolved prior to Mr. Nieves' deposition, including the production by you of any exhibits that may be introduced at deposition. As I requested that any documents be produced within seven days prior to deposition and you have neither produced any documents or responded to my letter, I am unable to produce Mr. Nieves for deposition on December 10, 2012. I am also unavailable to produce Mr. Nieves on December 17, 2012.

      As the following two Mondays are holidays, I propose that Mr. Nieves' deposition take place during the beginning of January, 2013. However, I will not produce Mr. Nieves for deposition until we have resolved all of the issues raised in my letter to you dated November 14.

      Please respond to that letter.

               Regards,

               David E. Stevens

# EXHIBIT D

# LOHMAR LAW OFFICES

111 W. WASHINGTON STREET, SUITE 823
CHICAGO, ILLINOIS 60602

TELEPHONE: (312) 977-9662
FACSIMILE: (312) 553-0122
E-MAIL: DOUGLASLOHMAR@LOHMARLAW.COM

VIA FACSIMILE
December 4, 2012

Mr. David E. Stevens
Werman Law Offices
77 W. Washington St. Ste. 1402
Chicago, Il. 60602

Re:    Nieves v. Opa, Inc.
       *Case No.: 12 C 3267*

Dear Mr. Stevens:

This letter is our response to your letter of December 4 and to inform you that the deposition of Mr. Nieves is going forward as scheduled on December 10, 2012.

First, I am unaware of any Federal Rule that requires a party to produce its work product in the form of exhibits days before a deposition takes place. I will reconsider this position if you can cite any authority for it.

Second, we have confirmed that Mr. Nieves is available on December 10 and is willing to appear in our offices on that date. We see no reason to delay this matter any further, but of course you are invited to attend as well.

As for the deposition of Mr. Alcantar, we attach an amended notice of deposition for that deposition to take place in Vernon Hills on December 19, 2012. We further intend to cooperate with the Vernon Hills Police Dept. and are somewhat surprised that you have taken such an obstruction of justice position. We are further surprised that you expect the Court to assist you in that regard.

Very truly yours,

Douglas W. Lohmar, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OSWALDO NIEVES and JESUS ALCANTAR, )
)
)
Plaintiffs, )
v. )                                            Case No. 12 – CV - 03267
)
OPA, INC. D/B/A OPA ESTIATORIO and )
CHRIS GEORGES, )
)
Defendants. )

---

**NOTICE OF DEPOSITION**

TO:
Douglas M. Werman
Maureen A. Salas
David E. Stevens
Werman Law Office, P.C.
77 W. Washington St., Ste. 1402
Chicago, IL 60602

YOU ARE HEREBY NOTIFIED that the undersigned will take the discovery deposition, by stenographic means, of the following deponent before a notary public or other duly authorized officers at Lohmar Law Offices, 111 W. Washington St., Ste. 823, Chicago, Illinois on the following date and time:

| DEPONENT | DATE | TIME |
|---|---|---|
| Jesus Alcantar | December 19, 2012 | 2:00 p.m. |

s/ Douglas W. Lohmar, Jr.

Douglas W. Lohmar, Jr.
Attorney for Defendants
Lohmar Law Offices
111 W. Washington St., Ste. 823
Chicago, IL 60602
(312) 977-9662
Attorney No. 6196260

1

## CERTIFICATE OF SERVICE

I, Valerie Magnuson, an attorney, hereby certify subject to penalties of perjury that I served the attached Notice of Deposition to the person(s) at the address listed by filing it electronically with the United States District Court, Northern District of Illinois on December 5, 2012.

s/ Valerie A. Magnuson

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SALVADOR PONCE, on behalf of himself and all other employees similarly situated, known and unknown, | ) ) ) | |
| | ) | No. 03 C 6123 |
| Plaintiffs, | ) ) | Magistrate Judge |
| | ) | Arlander Keys |
| v. | ) | |
| | ) | |
| TIM'S TIME, INC. and TIMOS MANTAS, | ) | |
| | ) | |
| Defendants. | ) | |

**RULINGS ON PRETRIAL MOTIONS**

A.    Plaintiffs' Motions *in Limine*

The plaintiffs have asked the Court to bar the defendants from offering or soliciting any evidence or testimony or making any statements directly or indirectly in the presence of the jury regarding: (1) the plaintiffs' immigration status, including ancillary matters such as aliases and social security numbers; (2) plaintiffs' tax returns (including whether they filed tax returns); and (3) any affirmative defenses.

Turning first to the tax returns, the defendants have represented that they do not intend to offer such evidence, so the Court need not rule on the issue.

With regard to evidence of plaintiffs' immigration status, the Court will grant the motion. The question of the plaintiffs' immigration status is simply not relevant to their claim for overtime pay under the FLSA or to any defenses the defendants might assert to that claim; undocumented workers are "employees"

within the protection of the FLSA, every bit as much as documented workers are. *See* 29 U.S.C. §203(e)(defining "employee" to mean "any individual employed by an employer" with some exceptions, none of which applies here). *See also Patel v. Quality Inn South*, 846 F.2d 700, 704-05 (11th Cir. 1988); *Del Rey Tortilleria, Inc. v. N.L.R.B.*, 976 F.2d 1115, 1121 (7th Cir. 1992); *Zavala v. Wal-Mart Stores, Inc.*, 393 F.Supp.2d 295, 323 (D.N.J. 2005); *Singh v. Jutla & C.D.&R.'s Oil, Inc.*, 214 F.Supp.2d 1056, 1059 (N.D. Cal. 2002).

Evidence that the plaintiffs may have made false statements to hide their immigration status might be relevant for purposes of impeachment, to attack the plaintiffs' credibility. However, given the nature of the evidence, and given that the immigration issue in the employment context has turned out to be such a hot button issue of late (witness the immigration rally recently that effectively shut down the loop and drew crowds 10 times what was expected), the Court finds that the danger of unfair prejudice – not just prejudice, but unfair prejudice – is indeed high. Therefore, the Court will exclude the evidence. The defendants are barred from eliciting or attempting to elicit evidence or testimony from which the jury could reasonably infer that the plaintiffs may be undocumented workers.

The Court's decision is further buttressed by the defendants' representation that the plaintiffs' "weak testimonial

2

capacity" is reflected in evidence other than the evidence the plaintiffs seek to bar (for example, "inconsistent deposition testimony, statements to the Department of Labor, and the pleadings regarding the hours . . . purportedly worked," *see* Defendants' Response to Plaintiffs' Motions *in Limine*, p.2). As the plaintiffs point out, allowing immigration status evidence in would surely chill the vindication of rights under the FLSA; Congress chose to afford the protections of the Act to undocumented workers, and the courts should not undermine that decision. Thus, to the extent the evidence is admissible under Rule 402, it will be excluded under Rule 403.

As for the motion to bar any affirmative defenses the defendants might assert, the Court will grant in part and deny in part the motion, as explained more fully in connection with the Court's ruling on defendants' motion for leave to file an amended answer.

B. Defendants' Motion *in Limine*

The defendants have moved *in limine* to bar any recovery by plaintiff Guadalupe Gonzalez, based upon the fact that Mr. Gonzalez signed a receipt for payment of lost or denied wages, which included a statement to the effect that, by signing, he was giving up any right he might otherwise have to sue for back wages. Although Mr. Gonzalez' signature on the receipt might otherwise suggest that he cannot pursue his claim here, the

3

plaintiffs have raised issues of fact concerning whether the waiver should, in fact, be enforced. For example, the plaintiffs have offered an affidavit signed by Mr. Gonzalez stating that, despite the receipt, the defendants never paid him for back wages; they have also offered deposition testimony showing that the process of having employees – who admittedly speak and read little or no English – sign receipts for back wages they never received may have been the rule, rather than the exception for the defendants. Certainly, if Mr. Gonzalez never "accepted" any back wages, that would seem to negate the defendants' contention that his claim is barred based upon a waiver predicated on the acceptance of such wages.

Given the issues of fact surrounding the receipt and the waiver included therein, the Court will deny defendants' motion *in limine*. Moreover, given the Court's ruling on defendants' motion for leave to file amended answer to assert the affirmative defense of payment, this motion *in limine* would appear to be moot.

C. Defendant's Motion for Leave to File Amended Answer

The defendants have asked the Court for leave to file an amended answer to the plaintiffs' amended complaint. The proposed amendment does not change defendants' responses to the allegations in the amended complaint; it does, however, seek to assert, for the first time, affirmative defenses. Specifically,

4

the defendants now seek to assert: (1) the defense of payment, in which they allege that any back wages due and owing plaintiffs Gonzalez and Ramirez have been paid; (2) a defense that no overtime was required because the plaintiffs did not work more than 40 hours a week during the claim period; (3) a defense alleging that they lacked any knowledge – actual or constructive – that the plaintiffs worked more than 40 hours in any given week during the claim period; and (4) a defense that, to the extent the defendants did violate the FLSA, the violation was not willful.

As the plaintiffs point out, the defendants' motion certainly could have been filed long ago; the first amended complaint has been on file for two years, and discovery has been closed for more than a year. Defendants have given no reason for their failure to seek to amend the answer until the eve of trial. But the Seventh Circuit has instructed that delay alone is not a reason to bar the amendment; rather, absent undue surprise or prejudice to the plaintiffs, the amendment should be allowed. *See, e.g., Jackson v. Rockford Housing Authority,* 213 F.3d 389, 392-93 (7th Cir. 2000). The plaintiffs do not argue surprise.

However, with regard to defendants' first proposed affirmative defense-payment--plaintiffs persuasively argue that they will be prejudiced if the defense is allowed. Plaintiffs note that Mr. Mantas testified at his deposition that he paid all

5

of the employees found by the Department of Labor to be owed
overtime wages in accordance with those findings. This included
plaintiff Guadalupe Gonzalez, who claims that, although he signed
a receipt for back wages, he never actually received the payment.
Plaintiffs assert that, had they known, in a timely manner, that
payment to Mr. Gonzalez would be an issue at trial, they would
have moved to reopen discovery to include depositions from the
other employees who were allegedly paid and would have sought the
bank statements and checking account records of defendants. In
this regard, plaintiffs note the testimony of Mr. Mantas that he
paid the back pay to the employees, including Mr. Gonzalez, by
check, which checks were endorsed by the employees and cashed by
Mr. Mantas. Admittedly, the checks were not presented to the
bank but were, instead, kept by Mr. Mantas and the cash was
allegedly paid to the employees. Mr. Mantas testified that he
still had the checks in his possession, but has not produced
them. Because the payment defense was not raised in a timely
manner, plaintiffs did not follow up on discovery that would have
addressed it. If the defense of payment is allowed, Mr. Mantas
would be able to testify that he paid Mr. Gonzalez and introduce
the signed receipt and Mr. Gonzalez would testify that he never
received the payment, but would have no way of supporting his
testimony with other records which, allegedly, Mr. Mantas has
under his control, but did not produce.

6

Considering the foregoing, the Court finds that allowing the defendants to raise the payment defense less than one week prior to trial would unduly prejudice plaintiffs. Therefore, defendants' motion to amend its answer to add the affirmative defense of payment is denied.

With regard to defendants' second proposed affirmative defense--that plaintiffs failed to work in excess of 40 hours per week--plaintiffs have not attempted to show how the addition of that affirmative defense would negatively impact them. The number of hours worked will necessarily be part of plaintiffs' case in chief anyway. While it is questionable whether the failure to work in excess of 40 hours per week is a proper affirmative defense, the Court will not bar defendants from asserting the defense.

Defendants' third and fourth proposed affirmative defenses-- lack of knowledge and lack of willfulness--arguably do inject new issues into the case. But they are issues on which the defendants will bear the burden of proof under the FLSA. *See* 29 U.S.C. §260; *Renteria v. Italia Foods, Inc.,* No. 02C 495, 2003 WL 21995190, at *6 (N.D. Ill. Aug. 21, 2003). Apparently, the only witness who will testify on these issues--Mr. Mantas--has been named as a "will call" witness by the plaintiffs. The plaintiffs deposed Mr. Mantas, and they have not represented that they, in any way, limited their discovery of him based upon the fact that

7

these affirmative defenses had not been asserted. Again, to the extent that these defenses are truly "affirmative" defenses, the Court will not bar them. Accordingly, the defendants' motion for leave to file their amended answer with regard to proposed affirmative defenses two, three, and four is granted.

<u>Conclusion</u>

For the reasons set forth above, the Court grants plaintiffs' motions *in limine* [#73], denies defendants' motion *in limine*[#79], and grants in part and denies in part defendants' motion for leave to file an amended answer [#86].

Dated: March 16, 2006

ENTER:

ARLANDER KEYS
United States Magistrate Judge

8

# EXHIBIT F

**FILED**

APR 0 1 2004

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS,
### SAN ANTONIO DIVISION

JUAN ANTONIO BERNAL, ADOLFO §
CAPILLA, JESUS R. DELGADO, JOSE G. §
GALVAN, JOSE ANTONIO GASPARIANO, §
PEDRO GUERRA, DANIEL JALVAN, §
ADAN A. LOPEZ, DAMIAN MARTINEZ, §
JOSE L. MORENO, ROSAURO G. PEREZ, §
RAMON PEREZ GALVAN, and REYNALDO §
DE HOYOS TRON, §
        Plaintiffs, §
         §
         §      CAUSE NO. SA-03-CA-196-OG
v. §
         §
A.D. WILLIS COMPANY, INC., HUNT §
CONSTRUCTION GROUP, ARENA §
PROJECT DEVELOPER, L.L.C., and §
THE SAN ANTONIO SPURS, L.L.C., §
        Defendants. §

## ORDER DENYING DEFENDANT A.D. WILLIS COMPANY'S MOTION TO COMPEL DISCOVERY ANSWERS

Before the Court is defendant A.D. Willis Company, Inc.'s ("Willis") motion for order compelling discovery answers. (Docket no. 25.) The answers Willis seeks to compel inquire into the plaintiffs' immigration and residency status, deportation history, and visa information. The motion will be denied.

Willis relies primarily on <u>Hoffman Plastic Compounds, Inc. v. NLRB</u>, 535 U.S. 137 (2002). There the Court vacated the NLRB's award of reinstatement and back pay to an undocumented alien for years of work "not performed" following the alien's termination from employment. The Court held that undocumented workers cannot receive back pay awards if the awards would "unduly trench upon explicit statutory prohibitions critical to federal immigration policy, as expressed in the Immigration Reform and Control Act of 1986 ('IRCA')." <u>Id.</u> at 147.

*30*

The Supreme Court held that the National Labor Relations Board could not award back pay to an undocumented worker because such an award would represent wages that the worker could not legally have earned. Id. at 149. The Court also held that because an illegal alien would be unable to obtain employment lawfully, it would be impossible for the worker to mitigate his damages following the termination. Id. at 151.

Here the plaintiffs do not seek back pay for work not performed. Rather, they have sued for work performed, that is, the difference in the wages they were paid for their work and the wages they allege they should have been paid. Further, because plaintiffs are suing for wages allegedly already earned, they have no duty to mitigate their damages. Thus, Hoffman Plastic is distinguishable from the present case. See Flores v. Amigon, 233 F.Supp.2d 462, 463-64 (E.D. N.Y. 2002) (discovery of immigration status of plaintiff seeking unpaid wages for work performed is not relevant); Flores v. Albertsons, Inc., No. CV 01-00515 AHM (SHX), 2002 WL 1163623 at *5 (C.D. Cal. April 9, 2002) (Hoffman Plastic does not hold that undocumented employee is barred from recovering unpaid wages for work actually performed); Liu v. Donna Karan Intern., Inc., 207 F.Supp.2d 191, 192 (S.D. N.Y. 2002) (immigration status not discoverable in cases seeking unpaid wages brought under the FLSA. Pre-Hoffman Plastic cases were in accord. See Patel v. Quality Inn South, 846 F.2d 700, 705-06 (11th Cir. 1988) (undocumented plaintiff was "entitled to the full range of available remedies under the FLSA without regard to his immigration status because he was not attempting to recover back pay but for work already performed."); Del Rey Tortilleria, Inc. v. NLRB, 976 F.2d 1115, 1122 n. 7 (7th Cir. 1992) (distinguishing its decision that undocumented workers could not receive back pay for unperformed labor with the holding in Patel that undocumented workers were entitled to

maintain an action for unpaid wages and damages under the FLSA); In re Reyes, 814 F.2d 168,

170 (5th Cir. 1987) (granting mandamus overturning district court decision which allowed

inquiry into documentation of alien petitioners for purposes of determining coverage under the

FLSA).

        In addition, discovery into the plaintiffs' immigration status poses a serious risk of injury

to the plaintiffs outweighing any need for disclosure. As the court in Liu noted: "Even if the

parties were to enter into a confidentiality agreement restricting the disclosure of such

discovery..., there would still remain 'the danger of intimidation, the danger of destroying the

cause of action' and would inhibit plaintiffs in pursuing their rights." Liu, 207 F.Supp.2d at 193

(quoting Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D. N.Y. 2001)). Accord

Flores v. Amigon, 233 F.Supp.2d at 463-64.

        The motion to compel (docket no. 25) is DENIED.

SIGNED this 31 day of _March_, 2004.

_____

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

3

# EXHIBIT G

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1998 | **DATE** | 3/3/2009 |
| **CASE TITLE** | Jose Luis Benitez vs. American Standard Circuits, Inc et al | | |

**DOCKET ENTRY TEXT**

Before the court is plaintiffs' motion for an expedited protective order [59] precluding defendants from all discovery relating to plaintiffs' and other witnesses' immigration status. Plaintiffs also seek to preclude defendants from discovering plaintiffs' tax returns, W-2, W-4, and 1099 forms. For the reasons stated below, plaintiffs' motion is granted in part and denied in part. (For further details, see text below.)

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Plaintiffs claim defendant Vijay Patel ("Patel"), a manager for defendant American Standard Circuits, Inc. ("ASC"), sexually harassed plaintiffs and other male employees during the course of their employment at ASC. Plaintiffs filed this action against ASC for retaliatory discharge. Plaintiffs also claim that ASC is liable for battery, assault, and intentional infliction of emotion distress, and that Patel is individually liable for battery, assault, intentional infliction of emotional distress, and false imprisonment. Presently before this Court is plaintiffs' motion for an expedited protective order [59] precluding discovery that, accordingly to plaintiffs, is overly prejudicial and designed to harass and intimidate the plaintiffs and other witnesses.

Pursuant to Fed. R. Civ. P. 26©, this Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden." Here, plaintiffs seek an order precluding defendants from inquiring into plaintiffs' immigration status and barring the production of plaintiffs' tax returns and other related documents. Plaintiffs also ask this Court to bar defendants from inquiring into other witnesses' immigration status.

First, plaintiffs request that this Court prohibit defendant Patel from discovering documents that "verify [each plaintiff's] eligibility to work in the United States" and documents relating to plaintiffs' "authorization to work status within the United States, citizenship status, immigration status, green card status, visa status, or applications for naturalization." This case involves plaintiffs' claims of sexual harassment, unlawful discrimination and retaliatory termination. Plaintiffs' immigration status is not relevant to these claims, nor to any applicable defense. Moreover, questions about immigration status are oppressive. They constitute a substantial burden on the parties and on the public interest and may preclude victims of employment discrimination from coming forward to assert discrimination claims. *See EEOC v. Bice of Chicago*, 229 F.R.D. 581, 583 (N.D. Ill. 2005) (granting motion to bar all discovery relating to immigration status). Accordingly, to the extent plaintiffs' motion seeks to bar discovery that specifically relates to plaintiffs' immigration status, including without limitation the document requests identified on pages 2-3 of plaintiffs' motion, it is granted.

## STATEMENT

Next, plaintiffs seek to bar defendants from questioning other current and former ASC employees about their immigration status on the grounds that such questions may prevent the employees from testifying and/or intimidate employees who are eligible to join this purported class action. Defendants do not provide any basis for this Court to find that this information is relevant to the current dispute. Accordingly, plaintiffs' motion is granted to the extent it seeks an order barring defendants from questioning other current and former ASC employees about their immigration status and authorization to work in the United States. *See EEOC v. City of Joliet*, 239 F.R.D. 490, 493 (N.D. Ill. 2006) (barring defendant from seeking any information regarding employees' immigration status because "plaintiffs and class members must be protected from intimidation which will deter them from asserting their rights.").

Plaintiffs ask this Court to bar discovery of their social security and drivers' license numbers on the grounds that "this information, which directly bears [on] immigration status is more harassing than it is relevant." *See Flores v. Amigon*, 233 F. Supp. 2d 462, 464 (E.D.N.Y. 2002) (precluding discovery of immigration documents, social security numbers, and passports). Defendants claim that they require "accurate social security numbers, driver's licenses, and personal identifying information" in order to discover information related to the individual plaintiffs' work history and damage claims. Defendants also state that the requested information will enable defendants to verify the identity of the individual plaintiffs and certain witnesses and investigate the plaintiffs' criminal histories, if any, and participation in past lawsuits. Finally, defendants argue that this information is discoverable because the plaintiffs' credibility is directly at issue. This Court disagrees. Defendants may not inquire into plaintiffs' social security numbers, drivers' license numbers and places of birth, nor may they inquire into the social security and driver's license numbers of third parties and witnesses. Defendants must establish an individual plaintiff's propensity for dishonesty and confirm the identity of plaintiffs and proffered witnesses through other, less burdensome means. However, defendants may inquire into each individual plaintiffs' use of an alias or false name, falsification of identity, date of birth, and current and past addresses.

Finally, plaintiffs move to prohibit defendants from discovering their state and federal tax returns and other related forms. Plaintiffs' proposed protective order, attached as exhibit A to their motion, states that persons shall be protected from disclosing "federal, state and local tax returns ... [and] W-2, W-4, or 1099 forms from employers other than ASC." Plaintiffs are not seeking to recover back-pay, front-pay or other lost benefits. Therefore, plaintiffs argue that the tax related documents are "wholly irrelevant" to their claims and may not be discovered.

Defendants do not directly address plaintiffs' request to preclude discovery of the tax documents. Rather, defendants generally aver that certain discovery is needed in order to verify plaintiffs "other income and employment history." In reply, plaintiffs persuasively argue that there are less invasive and harassing ways to discover information relating to employment history. Accordingly, plaintiffs' request to preclude discovery of the individual plaintiffs' tax returns and related tax forms is granted.

In granting plaintiffs' motion, in part, this Court does not intend to protect plaintiffs from responding to all outstanding discovery. We also do not reach defendants' request, set forth in the concluding paragraph of their response, to compel plaintiffs to answer interrogatory numbers 3, 7, 9, 11, 13, 16 and 18, and document request numbers 13, 15-16, 19-20, 22, and 31. The remaining dispute, if any, related to these discovery requests is not properly before us. However, the parties are encouraged to review the plaintiffs' response to these requests in light of this Court's Order.

# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA GUADALUPE ACEVEDO and )
MARIA CECILIA ACEVEDO, on behalf )
of themselves and on behalf of all other )
persons similarly situated known and )
unknown, )
              Plaintiffs, )
               )    Case No. 07 C 4091
      v. )
               )    Judge Coar
ACE COFFEE BAR, INC., and )
RODNEY D. CAVITT, individually, )    Magistrate Judge Denlow
               )
          Defendants. )

## ORDER

The Court has considered the Plaintiffs' Motion to Quash the subpoenas Defendants served on

Illinois Secretary of State Driver Services, Illinois State Police Bureau of Identification, Kane

County Sheriff's Department, Cook County Sheriff's Police Department, the DuPage County

Sheriff's Department, Taco Bell, Inc. and Grayhill, Inc. and Plaintiffs' Motion for Protective

Order, together with the submissions and arguments presented by all parties. The Court is of the

opinion that the Motions should be GRANTED.

It is therefore ORDERED,

Pursuant to Fed. R. Civ. P. 26(c) Plaintiffs shall be protected from disclosure of the following

information:

1) That pursuant to Fed. R. Civ. P. 45, the subpoenas served on Illinois Secretary of State
Driver Services, Illinois State Police Bureau of Identification, Kane County Sheriff's
Department, Cook County Sheriff's Police Department, the DuPage County Sheriff's
Department, Taco Bell, Inc. and Grayhill, Inc., are quashed; and
    a)     All identification documents and information regarding work authorization status,

            alien status, social security cards, passports, voter registration cards, visas,

            national origin, and alien identification;

         i)     Plaintiffs have and will provide Defendants with each name and social

               security number that appears on any work record of any plaintiff for work

performed for Defendants, in order that any such work record can be located.

2) Federal, state, and local tax returns under all their identities;
3) Federal, state, and local W-2, W-4, or 1099 forms and bank statements under all of their identities;
4) Any documents or information likely to lead to the discovery of Plaintiffs' immigration status;
5) Information regarding the Plaintiffs' work history outside the time period they claim to have worked for Defendants;
   a) Plaintiffs will identify every employer for whom they were employed during the time period they claim to have worked for Defendants. Defendants will be prohibited from seeking any information from or providing any information to any such employer (or any other person or entity) that could lead to the discovery of the immigration status of any Plaintiff or disclosure of any Plaintiffs' involvement in this litigation. Defendants may however, contact the other employers' identified by the Plaintiffs (as provided above) in order to verify the alleged dates of employment.

6. Plaintiffs shall not answer Requests to Admit Nos. 8 and 9 to Maria C. Acevedo and Requests to Admit Nos. 9, 10, 11, 12,13, 14, and 15 to Maria G. Acevedo.

7. Plaintiffs' request for an award of their reasonable attorneys' fees and costs for preparing, filing and presenting their motion to quash and for a protective order is denied without prejudice.

Entered this 9th day of April, 2008.

_Morton Denlow_

Morton Denlow,
United States Magistrate Judge

# EXHIBIT I

| **Subject:** | RE: Nieves v. Opa – Deposition of Jesus Alcantar |
| --- | --- |
| **From:** | Douglas Lohmar (dlohmar@lohmarlaw.com) |
| **To:** | dstevens@flsalaw.com; |
| **Date:** | Monday, January 7, 2013 4:22 PM |

Mr. Stevens:

Pleas  Please be advised that we will not be answering the propounded interrogatories or documents requests due to your failure to produce your clients for depositions in response to either of our two notices, and your failure to propose acceptable terms for these depositions.

Re      Regards,   Doug Lohmar

Dpig,

Doug

---

**From:** David E. Stevens [mailto:dstevens@flsalaw.com]
**Sent:** Monday, December 17, 2012 12:23 PM
**To:** Douglas Lohmar
**Cc:** Doug Werman; Sarah Arendt; Maureen Salas
**Subject:** Nieves v. Opa - Deposition of Jesus Alcantar

Ns/Mpi n bs;

Xf!x jmbopdcf!qspevdjohl!Kctvt!Brdboubs!gps!efqptjujpo!po!Xfeoftebz!E fdfn cfs!2: /l!Xf!x jmgjrfdlb!Npujpo gps!b!Qspufdujwf!!P sefs!ui jt!x ffl /

Ui bol !zpv-

David E. Stevens
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago , IL 60602
Tel: 312/419-1008
Fax: 312/419-1025
email: dstevens@flsalaw.com

DP OGJE F OUJBM!UZ!OP UF;!Ui jt!f.n bjm!jt!joufoefe!pomz!gps!ui f!vtf!pg!ui f!joejwjevbm!ps!foujuz!up!x i jdi juljt!beesfttfe!boe!n bz!dpoubjo!jogpsn bujpo!ui bujt!qsjwjmfhfe-!dpogjefoujbm!boe!fyfn qu!gspn !ejtdmptvsf voefs!bqqmjdbcmf!mbx /Jg!ui f!sfbefs!pg!ui jt!f.n bjm!n fttbhf!jt!opu!ui f!joufoefe!sfdjqjfou!ps!ui f!n qmpzff!ps bhfoulsftqpotjcmf!gps!efmjwfsz!pg!ui f!n fttbhf!up!ui f!joufoefe!sfdjqjfou-!zpv!bsf!i fsfcz!opujgjfe!ui bu!boz ejttfn jobujpo-ejtusjcvujpo!ps!dpqzjoh!pg!ui jt!dpn n vojdbujpo!jt!qspi jcjufe./Jg!zpv!i bwf!sfdfjwfe!ui jt!f.n bjmjo fssps-!qmfbtf!opujgz!vt!jn n fejbufmz!cz!ufmfqi pof!bu!)423*52: .2119!boe!bntp!joejdbuf!ui f!tfoefs(t!obn f/
Ui bol !zpv/

2 of 2                                                                                                  1/8/2013 11:49 AM