IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OSWALDO NIEVES and JESUS ALCANTAR, on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> OPA, INC. d/b/a OPA ESTIATORIO, and CHRIS GEORGES, individually, <br><br> Defendants. | Case No.12 C 3267 <br><br> Judge Kendall |

**PLAINTIFFS' PETITION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS AGAINST DEFENDANTS' FORMER COUNSEL, DOUGLAS W. LOHMAR, JR.**

Plaintiffs request an award of $15,572.20 in reasonable attorneys' fees and $210.92 in costs against Defendants' former counsel, Douglas W. Lohmar, Jr., for preparing and appearing on their Motion for a Protective Order and for an Award of Attorneys' Fees and Costs (the "Motion"). In support of this Petition, Plaintiffs state as follows:

**I. INTRODUCTION**

On May 29, 2013, the Court entered an Order finding that "there was a violation by the defendant for holding the deposition without attorney representation being present. The Court assesses costs and fees against the defendant's former counsel." ECF No. 63. On June 4, 2013, the Court entered a Memorandum Opinion and Order granting Plaintiffs' motion for a protective order and also assessing attorneys' fees and costs against Defendants' prior counsel, Douglas M. Lohmar, Jr. ECF No. 66.

1

The procedural history leading to the Court's conclusion that Mr. Lohmar had violated his professional obligations in taking Plaintiff Nieves' deposition without Plaintiffs' counsel being present, and Mr. Lohmar's conduct that led to the Court entering a protective order, is set forth in detail in the Parties' briefing (ECF Nos. 42, 46, 48) and the Court's Memorandum Opinion and Order ( ECF No. 66), and therefore is not repeated here.

As is apparent and obvious, Mr. Lohmar's conduct created a circus environment and Plaintiffs expended significant time and resources in meeting and conferring regarding discovery issues that ultimately resulted in Plaintiffs being required to move for a protective order, preparing and filing the motion for a protective order, reviewing and analyzing Defendants' response to the motion, preparing Plaintiffs' reply to Defendants' response, including researching and briefing the issue of Mr. Lohmar's professional misconduct. Plaintiffs further expended time appearing in Court on Plaintiffs' Motion, meeting with Plaintiff Nieves to prepare his declaration related to Mr. Lohmar's contacts with him, and incurred costs associated with obtaining a copy of Plaintiff Nieves' deposition transcript on an expedited basis.

## II. APPLICABLE LEGAL STANDARD

Reasonable attorneys' fees are determined using the lodestar approach. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983); *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). Under this approach, the court must first determine the number of hours reasonably expended on the merits of the litigation. *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 893-94 (7th Cir. 2001). Then the court must determine a reasonable hourly rate. *Id.* at 894. Multiplication of these two amounts results in the lodestar, *Small*, 264 F.3d at 707, which is presumed to be a reasonable fee, *City of Burlington v. Dague*, 505 U.S. 557, 562, 120 L. Ed. 2d 449,

112 S. Ct. 2638 (1992). The party moving for attorneys' fees has the burden of proving the reasonableness of the time expended and should "exclude from his or her request excessive, redundant or otherwise unnecessary expenses." Batt, 241 F.3d at 894.

    A.    **Plaintiffs' Counsels' Reasonable Time Incurred**

Between November 13, 2012 and June 11, 2013, Plaintiffs' counsel collectively expended a total of 63.33 hours filing and maintaining the Motion, including 2.5 hours in preparing this Petition for Award of Attorneys' Fees and Costs. Declaration of Douglas M. Werman, ¶ 25 (hereafter "Werman Decl., ¶__), attached hereto as Exhibit A. See *Heder v. City of Two Rivers*, 93 Fed. Appx. 81 (7th Cir. 2004), affirming amount of attorneys' fees awarded in *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 962 (E.D. Wisc. 2003)(awarding "fees on fees" for time spent preparing a fee petition). A detailed itemization of the time Plaintiffs' counsel expended hereto on this matter is appended as Attachment 1 to the Werman Declaration. Ex A, Werman Decl., ¶__, Attach. 1.

In preparing this fee petition, however, Plaintiffs' Counsel further exercised their billing discretion and reduced the total number of hours they seek compensation for by an additional 20.34 hours. Ex A, Werman Decl., ¶25, Attach. 1. Thus, Plaintiffs seek a total of 42.99 hours, amounting to $15,572.20, for all time they reasonably incurred in meeting and conferring regarding the subjects of the protective order entered by the Court, preparing and filing the motion for a protective order, reviewing and analyzing Defendants' response to the motion, preparing Plaintiffs' reply to Defendants' response, including researching Defendants' counsel's misconduct, appearing in Court on Plaintiffs' motion, meeting with Plaintiff Nieves to prepare his declaration related to Mr. Lohmar's contacts with him, and costs associated with obtaining a copy of Plaintiff Nieves' deposition transcript on an expedited basis.

Declaration of Douglas M. Werman, ¶¶ 25, 26, Attach. 1.

The reasonable time expended by Plaintiffs' Counsel relating to filing and maintaining the Motion is as follows:

|  | Motion for Protective Order | Attorneys' Fees Petition | Total Hours |
| --- | --- | --- | --- |
| Douglas Werman | 9.00 hours | 2.5 hours | 11.50 hours |
| David E. Stevens | 19.66 hours | 0 hours | 19.66 hours |
| Sarah J. Arendt | 1.00 hour | 0 hours | 1.00 hour |
| Jacqueline Villanueva | 10.66 hours | 0 hours | 10.66 hours |
| Cristina Calderon | 0.17 hours | 0 hours | 0.17 hours |

Ex A. Werman Decl., ¶25, Attach. 1.

In light of significant time and effort incurred in filing and maintaining the Motion, and preparing this Motion for Attorneys' Fees, 42.99 hours in incurred time is reasonable. See Werman Decl., ¶ 25.

### B. Plaintiffs' Counsels' Reasonable Hourly Rates

For purposes of determining a reasonable attorney's fee, the hourly rate must be calculated in accordance with the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 896, 895 (1984). Where a lawyer commonly charges clients by the hour, the regular billing rate is presumptively the market rate. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999); *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). But if an attorney ordinarily works on a contingent-fee basis, a court should look to the next best evidence -- the rate charged by lawyers in the community of 'reasonably comparable skill, experience, and reputation.'" *People Who Care*, 90 F.3d at 1310 quoting *Blum,* 465 U.S. at 895 n.11. *See also Shaukat v. Wireless 4 U, Inc.*, No.06 C 4214, 2009 U.S. Dist. LEXIS 10664, at *4 (N.D. Ill. Jan. 29,

2009) (referring to the establishment of a proper market billing rate and awarding Werman Law Office, P.C. sanctions for 48.51 hours of time incurred for the defendants' violation of a discovery order).

Here, the rates sought by Plaintiffs' counsel are supported by both what they charge actual hourly paying clients and rates awarded in contingent and fee shifting cases.

### 1. The Rates Sought By Plaintiffs' Counsel Are The Rates Charged To Hourly Paying Clients

The hourly rates sought by Plaintiffs' counsel: $600/hr for Douglas M. Werman; $350/hr for David Stevens; $275/hr for Sarah Arendt; $140/hr for paralegals Jacqueline Villanueva and Cristina Calderon, are the hourly rates Werman Law Office, P.C. *actually* charges hourly paying clients. Werman Decl., ¶¶ 14, 20, 21, 23. The last matter these rates were charged to and collected from an hourly paying client was in the matter *Guaranteed Rate, Inc. v. Lapham*, Case No. 12 C 6776, 2012 U.S. Dist. LEXIS 174851 (N.D. Ill. Dec. 6, 2012). Because courts presume "that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate," *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011), the Court should award Plaintiffs' counsel these rates in this case.

### 2. The Rates Sought By Plaintiffs' Counsel Have Been Awarded By Other Courts

In other wage and hour cases, Plaintiffs' counsel have been awarded the hourly rates they seek in this case. For example, most recently, in *Martinez vs. Flood Control Inc.*, Case No. 11 C 8841, (N.D. Ill. ECF No. 24)(J. Kendall) the Court awarded Plaintiffs' counsel the following rates: Douglas M. Werman, $600/hr; David E. Stevens, $350/hr; Jacqueline Villanueva, $130/hr; Cristina Calderon, $130/hr. In *Nunes v. Chicago Import, Inc.* Case No. 09 C 7168, Judge Kocoras entered a

Consent Judgment resolving Plaintiffs' counsel's petition for attorneys' fees and costs, Plaintiffs' continuing post-judgment supplemental proceedings, and in resolution of Defendants' appeal to the United States Court of Appeals for the Seventh Circuit, Case No. 12-2486, and awarding $301,878.50 in attorneys' fees based on an hourly rate of $600/hr for Mr. Werman; $350/hr for David Stevens, and $140/hr for Jacqueline Villanueva, Cristina Calderon, and Adriana Rodriguez. See also the orders in *Shaukat vs. Wireless 4 U, Inc.,* Case No. 06 C 4214, (N.D. Ill. June 2, 2011 and February 17, 2011)(J. St. Eve), attached as Exhibits D and E.

### 3. The Rates Sought By Plaintiffs' Counsel Are Justified By Their Skill And Experience

As detailed in the Declaration of Douglas M. Werman, the rates sought by Werman Law Office are also justified by Mr. Werman's and his firm's experience in wage and hour litigation. Ex. A, Werman Decl. ¶¶ 8, 15, 18. Mr. Werman, in particular, is a known and recognized lawyer in wage and hour litigation and is among the most experienced wage and hour lawyers in this judicial district. Ex. A, Werman Decl., ¶¶ 7 - 13. And, the rates sought by Mr. Werman and members of his firm are rates that are recognized by other wage and hour practitioners in this community as reasonable, in light of those attorneys' experience. See Ex. A, Werman Decl., ¶¶ 14, 19, 22, 23, 27; Declaration of Robin Potter, ¶ 11, attached hereto as Exhibit B; Declaration of Eugene K. Hollander, ¶ 17, attached hereto as Exhibit C.

Thus, Plaintiffs seek an award of attorneys' fees in the following amount:

|  | Motion for Protective Order | Attorneys' Fees Petition | Total Hours | Total Fees |
|---|---|---|---|---|
| Douglas Werman | 9.0 hours | 2.5 hours | 11.50 hours | $ 6,900.00 |
| David E. Stevens | 19.66 hours | 0 hours | 19.66 hours | $ 6,881.00 |
| Sarah J. Arendt | 1.00 hour | 0 hours | 1.00 hour | $ 275.00 |
| Jacqueline Villanueva | 10.66 hours | 0 hours | 10.66 hours | $ 1,492.40 |
| Cristina Calderon | 0.17 hours | 0 hours | 0.17 hours | $ 23.80 |

**C.     Plaintiffs are Entitled to $210.92 in Costs**

In order to prepare their reply to Defendants' response to the Motion, Plaintiffs' counsel was required to obtain an expedited copy of the transcript of the *ex parte* deposition conducted by Mr. Lohmar on December 10, 2012 at a cost of $156.00. See Exhibit A, Werman Decl., ¶ 26. Plaintiffs further were required to obtain a copy of the transcript of the court proceedings that occurred on November 6, 2012 before Magistrate Judge Finnegan to use as an exhibit in support of the Motion, at a cost of $38.80. See Exhibit A, Werman Decl., ¶ 26. In addition, the fees for research related to the motion for protective order and sanctions amounted to $16.12. Plaintiffs are entitled to $210.92 in reasonable costs associated with the Motion.

**D.     No Other Factor Warrants a Reduction of Plaintiffs' Request for Attorneys' Fees**

A Court may consider other factors to determining loadstar amount. These factors are, (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the experience, reputation, and ability of the attorneys; (9) the undesirability of the case; and (10) the nature and length of the professional

relationship with the client. *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310-11 (7th Cir. 1996) ("*People Who Care I*") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)). None of these factors warrant a reduction of Plaintiffs' counsels' requested fee.

Plaintiffs' motion not only raised an important issue of professional misconduct that, in Plaintiffs' counsels' experience, bordered on the unprecedented, but also resulted in a published decision on issues that lawyers who represent low wage, at risk workers deal with on an almost daily basis: the threat of discovery on immigration status and tax related information to gain an unfair advantage in the underlying litigation. Defendant's prior counsel, and he alone, is responsible for the attorneys' fees and costs associated with obtaining the relief granted by the Court on June 6, 2013.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs request that their fee petition be granted and that Plaintiffs be awarded $15,572.20 in attorneys' fees and $210.92 in costs. Plaintiffs further request that this Court enter the Proposed Order, contemporaneously submitted to this Court's electronic mailbox.

Dated: June 12, 2013

Respectfully submitted,

s/Douglas M. Werman
Douglas M. Werman
Maureen A. Salas
David E. Stevens
Sarah J. Arendt
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs